IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Mark Dingfield and : 
Laura Dingfield :
:
Appeal of: Mark Dingfield and : No. 30 C.D. 2024
Laura Dingfield : Submitted: August 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE WALLACE                    FILED:  November 19, 2025

Mark Dingfield and Laura Dingfield (Neighbors) appeal from the December 18, 2023 order of the Court of Common Pleas of Philadelphia County (Common Pleas) affirming the decision of the Zoning Board of Adjustment (ZBA) of the City of Philadelphia (City), which dismissed as untimely Neighbors' appeal of a zoning permit (the Permit) the City's Department of Licenses and Inspections (L&I) issued to Christopher Blatney and Camaplan[1] (Owners).  On Appeal, Neighbors assert the ZBA erred as a matter of law when it determined their appeal was untimely.  After careful review, we reverse and remand to Common Pleas to further remand to the ZBA for consideration of the merits of Neighbors' appeal.

## I.    Background

On August 26, 2022, L&I issued Owners the Permit to construct "a detached building with a roof deck and one accessory surface parking space" on their property

---

[1]  While the ZBA's record does not clearly identify Owners' separate ownership roles and interests, Camaplan appears to be the administrator of an Individual Retirement Account held for the benefit of Christopher Blatney.

at 118 Hillcrest Avenue in the City (the Property). Reproduced Record (R.R.) at 8a. On October 19, 2023, Neighbors filed an appeal with the ZBA, arguing L&I erred in issuing the Permit. *Id.* Neighbors' counsel attached a letter to Neighbors' appeal, asserting Neighbors' appeal was timely, even though Neighbors filed it more than 30 days after L&I issued the Permit, because "the permit holder failed to post the Permit within five (5) days of its August 26, 2022 issuance date and posted the Permit on October 7, 2022." *Id.* at 9a.

The parties agree the timeliness of Neighbors' appeal is governed by the Philadelphia Zoning Code (Zoning Code).[2] Specifically, Section 14-303(6)(f)(.1) of the Zoning Code establishes that "[w]ithin five (5) business days of receipt of any permit under this Zoning Code . . . , the permit holder shall post a true copy of the permit on the subject property, along each street frontage . . . in a place and manner conspicuous to the public, for no less than thirty (30) days." Zoning Code § 14-303(6)(f)(.1).[3] Further, Section 14-303(15)(a)(.3) provides that "[w]here an applicant fails to post [a] permit in compliance with § 14-303(6)(f) . . . , any person other than the applicant must file any appeal within 30 days of constructive notice of the L&I decision." Zoning Code § 14-303(15)(a)(.3).

On April 18, 2023, the ZBA held a hearing on Neighbors' appeal. Neighbors, the City, and Owners all began their opening statements by discussing the merits of

---

[2]  Phila., Pa., Zoning Code (2012).

[3]  The Zoning Code does not specifically require applicants to post their permits for at least 30 days *consecutively*. *See* Zoning Code § 14-303(6)(f)(.1). This leaves open the possibility that an applicant could satisfy his posting obligations by posting a permit for a nonconsecutive total of greater than 30 days. This is supported by the Zoning Code's use of the word "consecutive" in other contexts, but not here. *See* Zoning Code § 14-305(5)(b). Due to our disposition, however, we need not determine whether the Zoning Code's posting time requirement is consecutive or nonconsecutive and raise this point simply to aid the parties, particularly the ZBA, which likely will see this question arise in other matters.

Neighbors' appeal and indicating they brought witnesses to testify regarding L&I's decision to grant the Permit. *See* R.R. at 37a-44a. Owners' counsel, after Neighbors and the City concluded their opening statements, and after addressing the merits of Neighbors' appeal, added he would like to take a "quick tangent" to explain how Owners would show Neighbors' appeal was untimely. *Id.* at 45a.

After Owners' opening statement, the ZBA Chairman indicated he "just talked" to the ZBA's counsel, and the ZBA would hear arguments and evidence as to the timeliness of Neighbors' appeal before addressing the merits. R.R. at 47a. Thereafter, Neighbors' counsel explained:

> I had contacted counsel on more than one occasion to discuss or to find out if there was a stipulation as to timeliness and had not received a response. It wasn't until 10:00 a.m. today, a half-hour after this case was supposed to be heard, that I received an email from counsel stating that they were now claiming that the permits were properly posted in a timely fashion.
>
> And the email and information that we received from counsel shows one picture. It doesn't fulfill the obligation to show that a permit was posted for 30 or more days.

*Id.* at 45a. Next, Mark Dingfield (Mr. Dingfield) testified regarding his observations of the Property. Mr. Dingfield indicated he lives close to the Property, he drives by the Property almost every single day, he was looking for potential permits to be posted on the Property each time he drove by during the relevant timeframe, and the first time he observed a permit posted on the Property was October 8, 2022. *Id.* at 51a-53a. Mr. Dingfield took a photograph of the Permit posted on the Property on October 8, 2022, which Neighbors admitted as evidence before the ZBA. *Id.*

Laura Dingfield (Mrs. Dingfield) also testified regarding her observations of the Property. Similar to her husband, Mrs. Dingfield drove past the Property many

3

times per week during the relevant timeframe and did not observe the Permit posted on the Property until October 8, 2022. R.R. at 58a-60a. Mrs. Dingfield specifically testified she saw workers on the Property on October 5, 2022. *Id.* at 58a. She approached the workers, asked what they were doing, and the workers informed her they were replacing marketing signs. *Id.* The workers did not mention a permit, nor was a permit posted on the Property on October 5, 2022. *Id.*

Next, Yaron Simler (Mr. Simler) testified on Neighbors' behalf. Mr. Simler's property borders the Property. R.R. at 62a. Mr. Simler explained he walked past the Property several times in September, 2022, but never saw a permit posted on the Property. *Id.* at 62a-63a. Mr. Simler was out of town from September 28, 2022 to October 9, 2022. *Id.* at 63a. When he returned on October 9, 2022, he saw the permit posted on the Property. *Id.* Serena Eisenberg (Ms. Eisenberg), who is Mr. Simler's spouse, testified similarly to Mr. Simler. *Id.* at 64a-65a. Ms. Eisenberg, however, encountered the Property even more often than Mr. Simler. *Id.* She explained she walked frequently, had walked past the Property during the relevant timeframe at least once per day, and did not see a permit posted on the Property until she returned from her trip on October 9, 2022. *Id.*

In response, Gregory Harth (Mr. Harth) testified on behalf of Owners. Mr. Harth identified himself as the president of Harth Builders, which is the company Owners hired to build on the Property. R.R. at 66a-69a. Mr. Harth introduced an email, dated August 29, 2022, containing photographs of the Permit posted on the Property. *Id.* Mr. Harth explained that his employees posted a copy of the Permit on the Property, took these photographs, and emailed them to him on August 29, 2022. *Id.* Mr. Harth then admitted the Permit had been removed from the Property at some point in time, but he did not know when or by whom. *Id.* at 69a.

4

Mr. Harth also admitted Neighbors' October 8, 2022 photograph of the Property showed the Permit his workers reposted on the Property after it had been removed. *See id.* at 70a. Finally, Mr. Harth confirmed he did not have any other photographs of the Permit posted on the Property. *Id.*

Neighbors asserted in their closing argument that Owners failed to establish they had posted the Permit on the Property for 30 or more days. R.R. at 71a. Owners responded by arguing they posted the Property in a timely fashion, a copy of the Permit was posted on the Property throughout the relevant timeframe, and Neighbors' witnesses' testimony should be discounted because they all had a vested interest. *Id.* at 71a-73a. On April 26, 2023, the ZBA voted unanimously to dismiss Neighbors' appeal as untimely. *Id.* at 17a.

In its written decision, the ZBA recounted the hearing testimony, quoted the relevant sections of the Zoning Code, and opined that the "sole point of contention between the parties was when the [P]roperty was first posted with the Permit." R.R. at 8a-19a. The Board found Owners presented uncontradicted evidence the Permit was posted on August 29, 2022. *Id.* at 19a-20a. Thus, Neighbors' October 19, 2022 appeal was filed more than 30 days after the Property was posted and was untimely. *Id.* "While the [ZBA] found the testimony and evidence presented by [Neighbors] to be credible, it found the record insufficient and unpersuasive to prove that the appeal was timely submitted to the ZBA." *Id.* at 20a.

Neighbors appealed the ZBA's decision to Common Pleas, which did not receive additional evidence. *See* R.R. at 1a-3a. Common Pleas affirmed the ZBA's decision. *Id.* at 1a-5a. Neighbors then appealed Common Pleas' decision to this Court. On appeal, Neighbors contend the ZBA erred as a matter of law in concluding

5

their appeal was untimely because Owners did not post the Property in compliance with the Zoning Code.

## II. Analysis

Because "Common Pleas did not take additional evidence in this zoning appeal," this Court's role "is limited to reviewing the ZBA's decision, not that of Common Pleas." *Dowds v. Zoning Bd. of Adjustment*, 242 A.3d 683, 695 (Pa. Cmwlth. 2020) (citation omitted). We evaluate whether the ZBA committed an error of law, violated the appellants' constitutional rights, or violated agency policy and procedure. *See* 2 Pa.C.S. § 754. In addition, we evaluate whether substantial evidence supports the ZBA's findings of fact. *Id.* To determine whether the ZBA committed an error of law, "our standard of review is *de novo* and our scope of review is plenary." *See Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018). "In other words, we do not defer to the [local agency's] conclusions of law, and we reassess the record with a fresh pair of eyes." *Allegheny Cnty. Dep't of Health v. Wilkerson*, 329 A.3d 111, 117 (Pa. Cmwlth. 2024).

We begin by noting the ZBA erred in analyzing this case from the perspective that the "sole point of contention between the parties was when the subject property was first posted with the Permit." *See* R.R. at 19a. As fully outlined above, before the ZBA's hearing was scheduled to commence, Neighbors had no reason to believe the City or Owners were contesting the timeliness of their appeal. Once Owners asserted, by surprise, that they had posted the Property and provided a photograph of the Permit posted on the Property on August 29, 2022, Neighbors consistently argued the posting did not remain on the Property for 30 days, as required by Section 14-303(6)(f)(.1) of the Zoning Code. Neighbors also presented testimony from four

6

witnesses who said there was no Permit posted on the Property until October 8, 2022. Consequently, the issue is not merely whether Owners initially posted the Property but rather whether the permit remained posted for the requisite time.

Next, the ZBA erred in applying an incorrect burden of proof. The ZBA opined that Neighbors, as the objectors, bore the "burden to prove that their appeal [was] timely and that they had no notice, knowledge, or reason to believe that approval had been given." R.R. at 19a (quoting *In re Broad Mountain Dev. Co., LLC*, 17 A.3d 434, 441, 442 (Pa. Cmwlth. 2021)). Although the ZBA quoted a burden of proof set forth by this Court, the notice in *In re Broad Mountain* was governed by the Pennsylvania Municipalities Planning Code (MPC),[4] not by the Zoning Code.[5] The MPC does not explicitly require zoning permits to be posted. Instead, the MPC requires parties to file their appeals to zoning hearing boards within 30 days after an application is approved, "unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given." *See* Section 914.1(a) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1(a).

In contrast, the Zoning Code specifically requires permit recipients in the City to post a copy of their permit on their property within five business days of receiving the permit and further requires the property to remain posted "for no less than thirty (30) days." Zoning Code § 14-303(6)(f)(.1). Therefore, the Zoning Code places the burden of posting a copy of each permit L&I issues on the permit recipient. Because the permit recipient has the burden of posting a copy of the permit, the objector cannot bear the ultimate burden of proving the permit was not posted in compliance

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.
[5] Philadelphia, as Pennsylvania's only First-Class City, is not governed by the MPC. *See* Section 107 of the MPC, 53 P.S. § 10107; *In re City of Phila.*, 245 A.3d 346, 351 (Pa. Cmwlth. 2020).

7

with the Zoning Code. *See Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 430-31 (Pa. 2014) (a shifting burden of proof is often appropriate to prevent a party from being required to prove a negative, because "proving a negative is generally not desirable as a jurisprudential matter"); *see also, e.g., Com. v. Sanchez*, 36 A.3d 24, 66 (Pa. 2011) (despite the Commonwealth carrying the burden of proof in criminal matters, the burden shifts to defendants to prove mental retardation for purposes of avoiding the death penalty because it would be improper to require the Commonwealth to prove a lack of mental retardation). Instead, when an objector in the City can establish a prima facie case that a property was not posted in conformity with the Zoning Code, the permit recipient has the burden of establishing they posted a copy of the permit on their property in compliance with the Zoning Code.

Here, Neighbors' witnesses testified to viewing the property during the relevant timeframe and not observing a copy of the Permit posted until October 8, 2022.[6] This shifted the burden to Owners to show they posted a copy of the Permit on the Property in conformance with Section 14-303(6)(f)(.1) of the Zoning Code. Owners satisfied the first portion of Section 14-303(6)(f)(.1) by introducing a photograph of the Property with the Permit posted on August 29, 2022. Owners' witness then testified the Permit had been removed from the Property at some unknown time, and that Owners' contractor re-posted the Permit on the

---

[6] The ZBA specifically "found the testimony and evidence presented by [Neighbors] to be credible." R.R. at 20a. Nevertheless, the ZBA "found the record insufficient and unpersuasive to prove that the appeal was timely submitted to the ZBA." *Id.* These two findings are irreconcilable. Neighbors testified that they frequently observed the Property in September and October 2022, and the first time they saw the Permit posted on the Property was October 8, 2022. The ZBA's finding that this testimony was credible can lead to only one result: Owners failed to comply with the Zoning Code's requirement for Owner to post the Permit on the Property for no less than 30 days, and Neighbors' appeal was timely filed. Nevertheless, we need not attempt to reconcile the ZBA's inconsistent findings because Owners did not carry their burden of establishing they posted a copy of the Permit on the Property for no less than 30 days.

8

Property on or about October 8, 2022. Thus, Owners' evidence did not establish Owner posted a copy of the Permit on the Property "for no less than thirty (30) days." *See* Zoning Code § 14-303(6)(f)(.1).

Because Owners did not carry their burden of proving they posted the Permit in compliance with Section 14-303(6)(f)(.1) of the Zoning Code, Neighbors were permitted to file their appeal within 30 days of receiving constructive notice of the Permit's issuance. *See* Zoning Code § 14-303(15)(a)(.3). Neither Owners nor the City introduced any evidence that would tend to show Neighbors received constructive notice before they observed a copy of the Permit posted on the Property on October 8, 2022.[7] Consequently, Neighbors filed their appeal within 30 days of receiving notice of L&I's issuance of the Permit, and their appeal was timely. *See id.* The ZBA committed an error of law in determining Neighbors' appeal was untimely.

### III.  Conclusion

For the reasons set forth above, we reverse Common Pleas' decision and remand this matter to Common Pleas to further remand to the ZBA for consideration of the merits of Neighbors' appeal.

_____
STACY WALLACE, Judge

---

[7]  The ZBA erred in concluding L&I's posting of the Permit on a publicly available website (the City's "Atlas" website) served as constructive notice because this conclusion was wholly unsupported by the record. Specifically, there was no testimony or evidence presented to the ZBA that the Permit had been placed on the Atlas website, nor was the Atlas website even mentioned at the ZBA's hearing.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Mark Dingfield and : 
Laura Dingfield :
:
Appeal of: Mark Dingfield and : No. 30 C.D. 2024
Laura Dingfield :

# **O R D E R**

**AND NOW**, this 19th day of November 2025, the Court of Common Pleas of Philadelphia County's (Common Pleas) December 18, 2023 order is **REVERSED**. This matter is **REMANDED** to Common Pleas to further remand to the Zoning Board of Adjustment of the City of Philadelphia for consideration of the merits of Mark and Laura Dingfield's appeal. Jurisdiction relinquished.

_____
STACY WALLACE, Judge